MEMORANDUM **
Mark Durbin appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action seeking relief from state court decisions. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir.2003). We affirm in part, vacate in part, and remand.
The district court properly concluded that the Rooker-Feldman doctrine barred Durbin’s action because the action is a “forbidden de facto appeal” of state court decisions, and raises constitutional claims that are “inextricably intertwined” with those prior state court decisions. See id. at 1158; Bianchi v. Rylaarsdam, 334 F.3d 895, 900 n. 4 (9th Cir.2003) (explaining that constitutional claims are barred under the Rooker-Feldman doctrine if the claims are “inextricably intertwined” with a state court decision, even if they do not directly challenge the decision).
Durbin’s remaining contentions are unavailing.
A dismissal under the Rooker-Feldman doctrine is a dismissal for lack of subject matter jurisdiction, Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir.2004), and thus should be without prejudice, Kelly v. Fleetwood Enters., Inc., 377 F.3d 1034, 1036 (9th Cir.2004). Accordingly, we vacate the judgment dismissing the action with prejudice, and remand for entry of judgment dismissing the action without prejudice.
The parties shall bear their own costs on appeal.
AFFIRMED in part, VACATED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.